# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# CLEVELAND, OHIO

| | |
|---|---|
| **JAIME ARMANDO CERVANTES**<br>901 Edgewood Drive<br>Coldwater, OH 45828<br><br>and<br><br>**ANA IRENE CERVANTES**<br>901 Edgewood Drive<br>Coldwater, OH 45828<br><br>   Plaintiffs,<br>v.<br><br><br><br>William Barr, Attorney General<br>U.S. Department of Justice in his<br>Official capacity as well as his successors<br>And assigns,<br>950 Pennsylvania Ave., NW<br>Washington, D.C. 20530-0001<br><br>   And<br><br>**L.FRANCIS CISSNA**, Director,<br>U.S. Citizenship and Immigration<br>Service, in his official capacity as well<br>As his successors and assigns,<br>20 Massachusetts Ave. NW<br>Washington, D.C. 20529<br><br>   And<br><br>**KIRSTJEN M. NIELSON**, Secretary<br>U.S. Department of Homeland Security,<br>In her official capacity as well as her<br>Successors and assigns.<br>245 Murray Lane SW, Bldg. 410,<br>Washington, D.C. 20528<br><br>   And<br><br>**MARK HANSEN**, District Director | Civil Action No.<br><br><br><br><br>**COMPLAINT FOR WRIT OF MANDAMUS AND DECLARATORY JUDGMENT** |

1

| | |
|---|---|
| **District 12, in his official** | ) |
| **Capacity as well as his successors and** | ) |
| **Assigns,** | ) |
| **USCIS Cleveland District Office** | ) |
| **1240 East Ninth Street, Room 501** | ) |
| **Cleveland, OH 44199** | ) |
| | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

Plaintiffs, Jaime Armando and Ana Irene Cervantes, respectfully allege:

## INTRODUCTION

1. Plaintiffs, Jaime Armando Cervantes (hereinafter "Jaime") and Ana Irene Cervantes (hereinafter "Ana"), bring this action against the Defendants to compel the Cleveland District Office ("hereinafter CLE") of the U.S. Citizenship and Immigration Services (hereinafter "USCIS") to render a decision on their I-485 Applications for Adjustment of Status (hereinafter referred to as the "I-485"), which was properly filed on October 15, 2018 (See I-797 Receipt Notices attached as **Exhibit A**) and which cases were based on the visa availability under the Family Preference Category F3 which the priority date in the Visa Bulletin in October 2018 stated was current.  (Attached as **Exhibit B** is a copy of the October 2018 Visa Bulletin).  Cervantes's priority date was listed as October 9, 1998 under F3 and his I-485 was filed pursuant to INA §245(i).

2. Plaintiffs Jaime and Ana have made numerous inquiries to the CLE office for months after their interviews were conducted on the I-485 applications and despite the fact that the visa was available, Defendants have not responded nor have they made a decision which Plaintiffs are entitled to.

### 3. PARTIES

4. Plaintiff Jaime Armando Cervantes is a native and citizen of Mexico and is married to Ana Irene Cervantes, a native and citizen of Mexico. Jaime's alien registration number is 204-216-598 and Ana's alien number is 204-216-597. Plaintiffs reside in the city of Coldwater, Ohio, within the judicial district of this Court.

5. Defendant William Barr is the Attorney General of the United States and is named here in his official capacity, as well as his successors. Attorney General Barr is charged with representing the United States in legal matters and supervising and directing the administration and operation of the offices, boards, divisions, and bureaus that comprise the Department of Justice. Attorney General Barr ensures the enforcement of the INA and is authorized to delegate such authority to subordinate USCIS employees.

6. Defendant L. Francis Cissna is the Director of the USCIS and is named here in his official capacity, as well as his successors. Director Cissna is charged with the implementation of the INA and is authorized to delegate such authority to subordinate USCIS employees. USCIS is charged with the adjudication of petitions for alien relatives, including I-130 petitions for spouses and I-485 Applications for Adjustment of Status to that of Lawful Permanent Resident.

7. Defendant Kristjen Nielson is the Secretary of the DHS and is named here in her official capacity, as well as her successors. Secretary Nielson is charged with the enforcement of the INA and the delegation of such powers and authority to subordinate employees of the USCIS, an agency with the DHS.

8. Mark Hansen is the District director of the District 12 USCIS office and is named here in his official capacity, as well as his successors. The USCIS Cleveland District Office is charged with the adjudication of certain immigration applications and is the office where Petitioners' I-485 applications are currently pending.

## JURISDICTION AND VENUE

9. Jurisdiction is proper under 28 U.S.C. §1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"). Jursidiction is further conferred pursuant to 5 U.S.C. §1329 (jurisdiction of the district courts) and 28 U.S.C. 1331 (federal subject matter jurisdiction).

10. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. Relief is requested pursuant to such statutes.

11. Venue is proper under 28 U.S.C. § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, is brought in the district where the plaintiffs reside and no real property is involved in the action.

## EXHAUSTION OF REMEDIES

12. Plaintiffs exhausted all administrative remedies mandated by statute or regulation when numerous inquiries have been made with the USCIS both through letters and online inquiry. USCIS responses have been insufficient, non responsive, or contrary to the law. The plaintiffs have no other adequate remedy available for the harm they seeks to redress - the failure of USCIS to process their application to adjust status in a timely manner.

4

**FACTUAL ALLEGATIONS**

13. On October 20, 1998, Jaime's father, Armando Cervantes filed an I-130 Petition for Jaime while he was unmarried. That petition was approved on December 31, 1998. (See **Exhibit C** which is a copy of the USCIS Notice of Action and a copy of Armando Cervantes's green card). Since Jaime's father was only a lawful permanent resident and Jaime was single, the family preference category was designated as [1]F2A. Jaime qualified to adjust status under the [2]INA 245(i).

14. On December 16th, 2004, Jaime's father, Armando Cervantes became a United States Citizen. On December 23rd 2004, Jaime and Ana got married. (Attached as **Exhibit D** is a copy of Armando Cervantes Certificate of Naturalization and a copy of the Petitioners' marriage record). Since Jaime's father became a US citizen, the National Visa Center was notified to change the status of the Petitioner, Armando Cervantes, to US citizen and since Jaime was now married, the family preference category was changed from F2A to F3 -married sons and daughters of U.S. citizens. (Attached as **Exhibit E** is a copy of the NVC November 19, 2007 correspondence indicating such).

15. On September 19, 2012, Armando Cervantes's attorney received a letter from the NVC advising that a visa was not yet current for Jaime to file for his Permanent Residency. (Attached as **Exhibit F** is a copy of the NVC correspondence).

16. As Jaime and Ana waited in unlawful immigration status in the United States, they qualified, applied and were approved for Deferred Action for Childhood Arrivals (DACA) in 2016 which did not grant them any legal status, but protected them from

---

[1] Spouses and children (unmarried and under 21 years of age) of lawful permanent residents

[2] Enables individuals to qualify for adjustment of status if he/she is the beneficiary of an I-130 petition filed on or before April 30, 2001

5

Deportation. (Attached as **Exhibit G** are copies of the Employment Authorization Cards issued pursuant to a DACA approval for Plaintiffs).

17. In September 2018, the USCIS published the visa bulletin for October 2018 and the visas for Jaime and Ana to file for their permanent residency was now current and available. (See **Exhibit B**). Therefore, on October 15, 2018, Jaime and Ana submitted their applications for adjustment of status to that of lawful permanent residents because it was clear that the visas were now current and available under F3. (See **Exhibit A** which are copies of the I-485 Receipt Notices issued by USCIS).

18. Jaime and Ana were issued interview notices on their applications to adjust status for them to appear at the Cleveland District office on April 18, 2019.  (Attached as **Exhibit I** are copies of the interview notices). The applicants appeared together at that interview with Petitioner Armando Cervantes and at the end of that interview they received a notice stating that their applications were recommended for approval but the cases are pending visa availability. (Attached as **Exhibit J** is a copy of the April 18, 2019 notice despite the fact that the visa bulletin clearly indicated that the visa is available (Attached as **Exhibit K** is a copy of the April 2019 Visa Bulletin).

19. On June 25, 2019, my office sent a request to the USCIS inquiry address due to the fact that the case was outside the normal processing time. (Attached as **Exhibit H** is a copy of that communication with USCIS).

20. On August 5, 2019, my office sent an email inquiry to the USCIS case status email because the case was now outside of normal processing and the USCIS responded on August 8, 2019 stating that when the priority date becomes current, the case returns to normal processing and it will be processed in the order in which it was received. The

6

letter also stated that once action was taken, a notice will be sent to the address on record. (Attached as **Exhibit L** is the email communication with USCIS);

21. On September 6, 2019, a letter was submitted to the Officer in Cleveland who conducted the interview on April 18, 2019 inquiring as to why this case has not been approved because each month the Visa Bulletin makes clear that the visa is available. (Attached as **Exhibit M** is a copy of that correspondence with a copy of the September 2019 Visa Bulletin)

22. No response was ever received by my office to our September 6, 2019 letter.

23. Since the receipt of the letter from USCIS stating that the application for Adjustment of Status had been recommended for approval on April 18, 2019, Plaintiffs have been waiting patiently for the approval of their I-485 applications. However, Defendants failed to issue an approval within the normal processing time per the visa bulletin.

24. The Defendants' inaction in the Plaintiffs' case has caused unfair amounts of stress, expense, and hassle for the Plaintiffs, who are entitled to a decision on their application to adjustment of status without further unreasonable delay.

## CAUSE OF ACTION

25. Defendants' refusal to render a decision on the I-485 application for Adjustment of Status is, as a matter of law, arbitrary and not in accordance with the law.

26. Defendants have a regulatory duty to the Plaintiff to render a decision on their I-485 application for Adjustment of Status in a timely and impartial manner. Defendants willfully, unlawfully, and unreasonably have withheld judgment or delayed in resolving the question brought before them.

27. Defendants, in violation of the Administrative Procedure Act, 5 U.S.C. §§ 555(b) and 702 et seq., have unlawfully withheld or unreasonably delayed action on Plaintiffs' I-485 applications for Adjustment of Status and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiffs.  Defendants' failure to act is causing great and irreparable harm to Plaintiff.

28. Plaintiffs have fully complied with all statutory and regulatory requirements for seeking adjustment of status, including submission of all necessary forms and supporting documents and attending the interview scheduled on April 18, 2019.

29. All relevant Visa Bulletins have indicated that the priority date has been current since October 2018 for approval of the Plaintiffs' applications for permanent residency and yet, Defendants have not performed their duty owed to the Plaintiffs.

30. Plaintiffs have been compelled to retain the services of an attorney to pursue the instant action because the defendants have failed to render a decision on Plaintiffs' I-485 applications for Adjustment of Status.

## PRAYER

**WHEREFORE,** the Plaintiffs pray that this Court:

1. Enter an order compelling Defendants to promptly render a decision on Plaintiffs' I-485 applications for Adjustment of Status;

2. Award plaintiffs reasonable attorney's fees and costs of suit; and

3. Grant plaintiffs such other relief at law and in equity as justice may require.

Respectfully submitted**,**

_____

**Karen Denise Bradley (0066141)**
**BRADLEY AND ASSOCIATES**
**Attorney for Plaintiffs**
130 W. Second Street, Suite 1818
Dayton, OH 45402
(937) 461-1212
(937) 226-1224 (Facsimile)
karen@karenlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the attached Amended Complaint for Writ of Mandamus was electronically filed on this 28th day of May 2020. Notice of this filing will be sent by Certified Mail Return Receipt requested to all Defendants named in this Action.

_____

Karen Denise Bradley, Esq.
Attorney for Plaintiffs